IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER SUMPTER, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>QUICK LUBE DEVELOPMENT 2 LLC, d.b.a. TAKE 5 OIL CHANGE,<br><br>Defendant. | Civil Action File No. _____<br><br>COLLECTIVE ACTION COMPLAINT |

# **COLLECTIVE ACTION COMPLAINT**

Plaintiff Christopher Sumpter, by and through counsel, files this Collective Action Complaint against Defendant Quick Lube Development 2 LLC d.b.a. Take 5 Oil Change ("Defendant" or "Take 5") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff and similarly situated employees proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## **INTRODUCTION**

1. This lawsuit arises from the failure of Defendant to properly calculate

and pay Plaintiff and similarly situated employees overtime wages during the period three years prior to the filing of this complaint, June 23, 2019 through June 23, 2022.

2. This lawsuit also arises from Defendant terminating Plaintiff in retaliation for complaining about his improper wages.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Sumpter.**

3. Plaintiff Christopher Sumpter is a resident of Georgia in this judicial district.

4. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

5. Defendant hired Plaintiff in approximately November 2021.

6. Plaintiff's employment with Defendant ended in approximately April

2022.

**B. Defendant Take 5.**

7. Defendant Take 5 is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2199 Glenmore Lane, Snellville, GA 30078.

8. Defendant's registered agent for service of process is Beth S. Hilscher, 671 Main Street, Ste. 200, Suwanee, GA 30024.

9. Take 5 had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

10. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

11. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

**A. Plaintiff and other Lube Technician's Employment with Defendant.**

12. Plaintiff was employed by Defendant as a lube technician.

13. At all relevant times, Plaintiff and other Lube Technicians were "employees" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

14. At all relevant times, Defendant employed, and/or continues to

employ, Plaintiff and other Lube Technicians within the meaning of the FLSA.

15. Throughout the relevant period, Defendant employed lube technicians at its Union City Take 5 store located at 4644 Jonesboro Rd, Union City, GA 30291.

16. Plaintiff and other Lube Technicians employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

17. At all relevant times, Plaintiff and other Lube Technicians were non-exempt employees for Defendant.

18. Plaintiff's and other Lube Technicians' job duties included but were not limited to changing a vehicle's oil, checking the transmission fluid and other fluid levels, inspecting various belts and filters, checking air levels and gauges, and communicating and taking payment from the customer.

19. In performing their job duties for Defendant, Plaintiff and other Lube Technicians did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

20. In performing their job duties for Defendant, Plaintiff and other Lube Technicians did not direct or supervise the work of any employees.

21. In performing their job duties for Defendant, Plaintiff and other Lube Technicians did not have the authority to hire or fire any employee or make

suggestions or recommendations as to the hiring, firing or changing the status of any employee.

22. In performing their job duties for Defendant, Plaintiff and other Lube Technicians did not exercise any discretion or independent judgment with regard to matters of significance.

23. Plaintiff's and other Lube Technicians' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**B. Plaintiff and other Lube Technicians' Unpaid Overtime.**

24. Plaintiff and other Lube Technicians routinely worked in excess of 40 hours per work week.

25. Defendant reduced Plaintiff and other Lube Technicians' weekly hours for "breaks" even though Plaintiff and other Lube Technicians did not take any breaks during their shifts.

26. Defendant denied Plaintiff and other Lube Technicians payment of overtime wage compensation required by the FLSA for those reduced hours when Plaintiff worked in excess of 40 hours per workweek.

27. Defendant willfully and/or deliberately failed to pay Plaintiff and other Lube Technicians all of their earned overtime wages for hours worked in excess of

40 hours per workweek in violation of the FLSA.

28. Defendant maintained records of hours that Plaintiff and other Lube Technicians worked.

### C. Plaintiff's Retaliatory Termination for Complaining About his Unpaid Wages.

29. In approximately April 2022, Plaintiff complained multiple times to Defendant regarding his unpaid wages, including overtime.

30. Plaintiff's complaints to Defendant were a protected action under Section 15(a)(3) of the FLSA.

31. On April 19, 2022, Defendant terminated Plaintiff in retaliation for Plaintiff's complaints about his missing wages and requested overtime compensation.

32. In terminating Plaintiff, Defendant violated the anti-retaliation provision of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Quick Lube

Development 2 LLC as a Lube Technician at the Union City, GA location and were denied overtime wage compensation for all hours worked over 40 hours in a given work week.

34. Plaintiff, on behalf of himself and Collective Class members, seeks relief on a collective basis challenging Defendant's failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

35. The Collective Class is so numerous that joinder of all members is impracticable. It is believed that the Collective Class includes over forty persons.

36. Plaintiff's claims and experiences are typical of that of the Collective Class members.

37. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

38. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

39. Common questions of law and fact predominate in this action, including but not limited to:

    a. Identification of all persons in the Collective Class; and

    b. Whether Defendant paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

40. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES
### On Behalf of Plaintiff and the Collective Class

41. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

42. At all relevant times, Defendant has been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

44. At all relevant times, Defendant was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including

Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

45. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

46. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Collective Class members all overtime wages in violation of the FLSA.

47. Defendant maintained records of hours that Plaintiff and Collective Class members worked.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

49. Plaintiff and Collective Class members suffered damages due to Defendant's willful misconduct.

50. Due to Defendant's FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS
## RETALIATION
## On Behalf of Plaintiff only

51. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

52. The FLSA prohibits Defendant from retaliating against Plaintiff for complaining about and requesting overtime wages. 29 U.S.C. § 215 (a)(3).

53. Plaintiff engaged in statutorily protected activity by complaining of Defendant's failure to pay overtime as required by the FLSA.

54. When Plaintiff engaged in the protected activity of complaining of Defendant's failure to pay overtime, Defendant subjected Plaintiff to adverse employment actions such as terminating his employment, which constitutes unlawful retaliation in violation of the FLSA.

55. There was a causal connection between Plaintiff's protected activity and the termination of his employment.

56. As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

57. Defendant is therefore liable for the damages proximately caused by its retaliation.

58. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Consequently, Plaintiff is entitled to recover punitive damages.

59. Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of the FLSA. Plaintiff's relief includes, without limitation, employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and reasonable attorney fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981 and the statutes providing for relief for violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this June 23, 2022.

                                        **HALL & LAMPROS, LLP**

                                        /s/ *Gordon Van Remmen*
                                        Gordon Van Remmen
                                        Ga. Bar # 215512

400 Galleria Parkway,
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this Complaint is in 14-point Times New Roman font.