IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER SUMPTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>QUICK LUBE DEVELOPMENT 2 )<br>LLC, d.b.a. TAKE 5 OIL CHANGE, )<br>)<br>Defendant. ) | Civil Action File<br>No. 1:22-cv-02515-JPB |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Christopher Sumpter ("Plaintiff") and Defendant Quick Lube Development 2 LLC d.b.a. Take 5 Oil Change ("Defendant" or "Take 5") file this request that the Court approve the Settlement Agreement (the "Settlement Agreement") in which they have entered (See, Exhibit 1, fully executed Settlement Agreement) as to the Plaintiff's release of claims under the Fair Labor Standards Act ("FLSA").

In support of this Motion, the Parties jointly state as follows:

### Background

Plaintiff alleges he was employed by Defendant from approximately December 18, 2021 through April 30, 2022. See, **Exhibit 2**, Declaration of Gordon Van Remmen, at ¶ 2.

Plaintiff alleges that Defendant improperly calculated and paid Plaintiff's overtime wages and fired Plaintiff in retaliation for making wage complaints in violation of the FLSA. Id. at ¶ 3.  Defendant contends that it has paid Plaintiff all amounts owed to him in overtime wages and did not terminate Plaintiff in retaliation. Id. at ¶ 4.

Without admitting any wrongdoing, Defendant desires to resolve all claims, allegations, and causes of action between itself and Plaintiff as alleged in this action, that Plaintiff now, or in the future, may allege to have against Defendant. Id. at ¶ 5.

On June 23, 2022, Plaintiff filed this lawsuit against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid wages as well as retaliation. (Doc. 1).  On June 28, 2022, Plaintiff served Defendant with the Complaint and Summons. (Doc. 4).  Thereafter, Defendant requested an extension to file an answer in order to discuss settlement with Plaintiff.

## **Settlement**

Counsel for Plaintiff and counsel for Defendant reached a settlement through arm's length negotiations relating to the merits of the claims and defenses, which included discussions of the rate of pay, dates of employment, and FLSA non-willfulness.  Plaintiff and Defendant have discussed and considered the facts, have carefully calculated actual and potential damages and liability, have judiciously

allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. Id. at ¶ 6.

In exchange for a release of all Plaintiff's claims, the Parties were able to reach a reasonable settlement for a **compromised** amount of Ten Thousand Four Hundred Six and 50/100 Dollars ($10,406.50).  This amount represents Four Thousand Two Hundred Twenty-Seven Dollars ($4,227.00) in wages and liquidated damages to Plaintiff, and Six Thousand One Hundred Seventy-Nine and 50/100 Dollars ($6,179.50) in Plaintiff's attorneys' fees and costs. Id. at ¶ 7.

Plaintiff agreed to this compromised settlement in order to ensure payments due under the Settlement Agreement.  This amount represents Plaintiff's **full** calculation for back wages, as well as a reduced amount for Plaintiff's attorneys' fees and costs. Id. at ¶ 8.

The $4,227.00 payment to Plaintiff is approximately 158% of the amount of Plaintiff's counsel's calculation of alleged unpaid wage damages and retaliation of $2,680.50.  The $4, 227.00 payment to Plaintiff is approximately 79% of the amount of Plaintiff's counsel's calculation of alleged back-wage, retaliation, and liquidated damages of $5,361.00. Defendant dispute Plaintiff's counsel's calculation of alleged damages, as well as liability for any damages in this case. Id. at ¶ 9.

The attorneys' fees to Plaintiff's counsel, Hall & Lampros, LLP, is based on a reasonable lodestar value of hours worked of $5,990.00 that Plaintiff's counsel has reduced to $5,652.50. As a further reduction, Plaintiff's counsel did not include any time for partner Chris Hall. Id. As a further reduction, Plaintiff's counsel did not include any time for drafting and preparing post-settlement documents. Id. Plaintiff's counsel incurred reasonable costs of $527.00 (for the filing fee and service of process). Id. at ¶ 10; see also, Exhibit A to Gordon Van Remmen - Fee Summary. The Declaration of Gordon Van Remmen (Exhibit 2) further outlines Plaintiff's attorneys' fees, billing rates, and attorney experience. Ex. 2, Van Remmen Declaration, at ¶¶ 15-25. At all times, the Parties negotiated the amount of damages separately from the amount of attorneys' fees and costs. Id. at ¶ 11.

As set forth in the proposed Settlement Agreement, attached as **Exhibit 1** to this Motion, the payments will resolve all of the claims set forth in this lawsuit. Id. at ¶ 12.

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court. *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

The Parties therefore file this Joint Motion and request that this Court

approve the Parties' Settlement Agreement (Ex. 1). To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

The Parties expressly agree that the Settlement Agreement between the Parties represents a fair and equitable resolution of this matter. Based on these potential damages, defenses, and the risks involved for all Parties; all Parties, after consultation with their experienced counsel, believe that the proposed Settlement Agreement is fair and in each Party's best interest. *See*, Ex. 2, Van Remmen Declaration, at ¶¶ 13-14.

The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues.

The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to be lengthy and document intensive. As such, all Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct and given the amount of potential recovery in this matter, such costs will likely exceed the amount of potential recovery. The Parties therefore believe that such expense is not worth the continued litigation of

this case.

Plaintiff's counsel calculated damages, as well as liability for any damages in this case. As such, bona fide disputes as to the merits of the claims exist; and thus, Plaintiff is not assured of success of her claims.

The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

Accordingly, the Parties jointly and respectfully request that the Court approve the Settlement Agreement attached hereto as **Exhibit 1**.

A proposed Order has been attached hereto as **Exhibit 3**.

Respectfully submitted this August 22, 2022,

| *Submitted and Filed to by:* | *Consented to by:* |
|---|---|
| /s/ *Gordon Van Remmen* | /s/ *Beth S. Hilscher* |
| Gordon Van Remmen | Beth S. Hilscher |
| Ga. Bar # 215512 | Georgia Bar No. 355198 |
| | |
| **HALL & LAMPROS, LLP** | BETH S. HILSCHER, P.C. |
| 400 Galleria Pkwy SE, Suite 1150 | 671 Main Street, Suite 200 |
| Atlanta, GA 30339 | Suwanee, Georgia 30024 |
| Tel.: (404) 876-8100 | (678) 546-3388 (telephone) |
| gordon@hallandlampros.com | (678) 546-3381 (facsimile) |
| | beth@hilscherlaw.com |
| *Attorneys for Plaintiff* | |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I filed the foregoing ***Joint Motion to Approve Settlement*** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record in this case.

*/s/ Gordon Van Remmen*
Gordon Van Remmen
